19179

Steve GULLEDGE, by his duly appointed Guardian *ad Litem,* Louise W. Gulledge, Respondent, v. ATLANTIC COAST LIFE INSURANCE COMPANY, Appellant.

(179 S. E. (2d) 605)

*Messrs. Saleeby, Saleeby & Herring, P.A.*, of Hartsville, *for Appellant,*

*Messrs. Bell & Pusser,* of Chesterfield, *for Respondent,*

March 1, 1971.

LITTLEJOHN, Justice:

The defendant issued its accidental death insurance policy to Linda Faye Gulledge (also referred to as Linda Faye Gulledge Larrymore). She died April 9, 1967. The defendant refused to pay, and this action alleging accidental death was brought by her beneficiary.

The complaint alleges that Linda Faye Gulledge "was killed by an automobile which death was the result of an accident and plaintiff is entitled to collect from the defendant the sum of Three Thousand and no/100 ($3,000.00) Dollars plus interest under the terms of said policy."

The answer alleges, first, that the death of the insured "was not an accident within the meaning of the instant policy" and alleges secondly, that the "death of Linda Faye Gulledge Larrymore resulted, at least in part, from her engaging in activities constituting a violation of statutory law, and that under paragraph No. 19 of the defendant's policy the contribution of such activities to her death bars the benefit of said policy."

After all evidence had been submitted the trial judge directed a verdict in favor of the plaintiff, holding, in effect, that the only reasonable inference to be drawn from the whole of the testimony was that the insured died as a result of an accident within the terms of the policy, and that death did not result from a violation of statutory laws or municipal ordinances. We affirm that ruling.

The facts giving rise to this action are not in dispute. Thomas Wilkerson and Mary Wilkerson were husband and wife. The insured, Linda Faye Gulledge, became romantically involved with Mr. Wilkerson. She had announced her intention to marry Mr. Wilkerson, and had on occasion telephoned Mrs. Wilkerson to apprise her of that fact.

On April 9, 1967, the insured was riding in her mother's automobile with a young man named Jackie Horne. They rode by the Wilkerson home. A short time thereafter they observed a car following them. It continued to follow them down a dirt road and pulled up along side; both cars stopped. Mrs. Wilkerson was in the other car; she got out and came over to the car where the insured and Jackie Horne were sitting. After talking a few minutes Mrs. Wilkerson got out of the car of the insured and went back to her own car, ostensibly to get and show the insured and Jackie a letter. Instead of returning with a letter she came back with a pistol and shot both of them. After they were shot, both got out of the car. Horne scuffled with Mrs. Wilkerson and took the gun, which he placed in his back pocket. A little later Mrs. Wilkerson grabbed the gun out of his pocket and shot both of them again. Both the injured parties ended up in the road. Mrs. Wilkerson got in her car and ran over both of them. Horne survived; it is agreed that the cause of the insured's death was being run over by the automobile.

We think the plaintiff made a *prima facie* case by proof of the existence of the insurance policy, and proof that the insured died as result of being run over by the automobile. The burden of proof then shifted to the defendant to show that the insured should have foreseen that her own conduct would bring about serious bodily injury or death, or show that the death was a result of a violation of statutory law or ordinance by the insured.

The appellant presents two questions for determination by this court. The first: Did the defendant present evidence from which a reasonable inference can be drawn that the

insured should have foreseen that her own conduct would result in serious bodily harm or death to herself.

Injuries are regarded as accidental unless it can be said that they are a natural or probable result of the insured's action, reasonably foreseeable by the insured or by a reasonably prudent person in the same position.

The rule in this State is stated in *Hope v. New York Life Insurance Company*, 186 S. C. 85, 195 S. E. 110 (1938) as follows:

"The view preferred and adopted in this state is that one insured, even if he be the aggressor in an encounter in which he is injured or killed, does not forfeit his insurance if he could not reasonably anticipate that he would receive bodily injury or be killed; and that ordinarily makes a question for the jury. However, if only one reasonable inference can be drawn from the testimony, then it becomes a question of law to be passed upon by the court."

The conduct of the insured was improper, but we do not think that the conduct, as disclosed by the preponderance of the evidence in the record, was such that it can be said that the injury and death should have been foreseen. Accordingly, the death was accidental within the meaning of the policy. We think the evidence on this issue gave rise to a question of law only, and we cannot say that the trial judge erred in directing a verdict.

The second question arises because of a provision in the policy which reads as follows:

"Moreover, this Policy shall not cover and no indemnity shall be paid hereunder for accident or sickness resulting wholly or partly from any of the following causes or conditions:

"* * *

"f. Any violation of statutory laws or Municipal ordinance;"

In oral argument counsel implies that the insured was guilty of adultery, but upon questioning, admitted that the evidence did not support such a finding. Accordingly, as a matter of law the defendant has failed to submit evidence tending to prove death resulting from violation of a statutory law or a city ordinance.

We conclude that the trial judge properly directed a verdict in favor of the plaintiff.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.